UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
DOCTOR'S ASSOCIATES, INC., :
:
Plaintiff, :
: MEMORANDUM DECISION
-against- : AND ORDER
:
HIMANSHU V. PATEL and METRO 765 INC., : 18 Civ. 2386 (GBD)
:
Defendants. :
:
------------------------------------x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Doctor's Associates, Inc. brings this action against Defendants Himanshu V. Patel, *pro se*, and Metro 765 Inc. ("Metro") for trademark infringement, unfair competition, and dilution under the Lanham Act, 15 U.S.C §§ 1114, 1125(a), and 1125(c), respectively. (Compl., ECF No. 1, ¶ 1.) Plaintiff also alleges a New York state law claim for dilution under New York General Business Law Section 360-L, and New York common law claims for trademark infringement, trade name infringement, unfair competition, and unjust enrichment. (*Id.* ¶¶ 61–66, 76–79.) Plaintiff moves for confirmation of a December 26, 2017 arbitration award it obtained against Patel for breach of a franchise agreement that the parties entered into on September 5, 2014. (*Id.* ¶¶ 25–32.) Plaintiff seeks (1) a permanent injunction restraining and enjoining Defendants from using the SUBWAY marks and promotional materials in any way; (2) an order requiring Defendants to pay Plaintiff any profits derived from the unauthorized use of the SUBWAY marks and promotional materials; and (3) damages, attorneys' fees, prejudgment interest, and costs of suit. (*Id.* ¶ 79a–e.)

On June 11, 2018, Plaintiff requested entry of a certificate of default against Defendants for failing to answer the complaint or otherwise appear in this action.[1] (Pl.'s Req. for Certificate of Default, ECF No. 33; Aff. of Mark S. Kaufman in Supp. of Req. for Certificate of Default, ECF No. 34.) The Clerk of the Court granted Plaintiff's request that same day. (Clerk's Certificate of Default as to Patel, ECF No. 36; Clerk's Certificate of Default as to Metro, ECF No. 37.) Subsequently, on June 22, 2018, Plaintiff filed a motion for default judgment. (Decl. of Mark S. Kaufman in Supp. of Mot. for Default J. ("Kaufman Decl."), ECF No. 40; Mem. of Law in Supp. of Mot. for Default J., ECF No. 41.)

On May 7, 2018, this matter was referred to Magistrate Judge Katharine H. Parker for general pretrial supervision, as well as to report and recommend on any dispositive motions. (Order of Reference, ECF No. 22.) Before this Court is Magistrate Judge Parker's September 26, 2018 Report and Recommendation (the "Report"), recommending that the motion for confirmation of the arbitration award against Patel be granted. She also recommends that the motion for default judgment against Metro be granted, and that damages against Metro be awarded in the amount of $21,750 as well as an additional amount for Plaintiff's attorneys' fees and costs to be determined by the parties. (Report, ECF No. 55, at 13.)

Magistrate Judge Parker advised the parties that failure to file timely objections would constitute a waiver of those objections on appeal. (*Id.* at 15.) Plaintiff filed a timely objection on October 3, 2018, that the Report "does not set forth the amount of the judgment awarded to plaintiff against defendant [] Patel in connection with affirming the arbitration award." (Not. of Pl.'s Obj. to R & R ("Obj."), ECF No. 56.) Simply put, Patel is responsible for any damages available

---

[1] Patel has appeared for conferences, including the show cause hearing on August 13, 2018, but he informed Magistrate Judge Parker that his business is now defunct and that he cannot afford a lawyer to represent him or Metro. (Report at 2–3.)

2

pursuant to the terms of the arbitration award.[2] Plaintiff was awarded $21,750 plus $875 in arbitration fees. Defendants did not file any objection. Having reviewed the Report and the Plaintiff's objection thereto, this Court ADOPTS the Report in full and OVERRULES Plaintiff's objection.

## I. FACTUAL BACKGROUND[3]

Plaintiff holds an exclusive license to sell SUBWAY franchises in the United States, including use of the U.S. registrations for the SUBWAY trademarks and service marks (the "SUBWAY trademarks"). (Report at 1; Compl. ¶¶ 8–9.) In September 2014, Plaintiff and Patel entered into the franchise agreement to operate a SUBWAY sandwich shop at 765 Eighth Avenue in Manhattan. (Report at 1; Compl. ¶ 25.) However, in March 2017, Plaintiff sent a notice of termination to Patel pursuant to the franchise agreement, informing him that the franchise agreement would be terminated unless he cured certain breaches within sixty (60) days. (Report at 1; Compl. ¶ 26.) Patel failed to cure these alleged breaches, and on July 25, 2017, Plaintiff filed a demand for arbitration against Patel (the "Demand") with the American Arbitration Association

---

[2] The arbitration award clearly states that Patel must pay Plaintiff the sum of $250 per day for the continued use of the SUBWAY marks. (Kaufman Decl., Ex. A (Dec. 26, 2017 Arbitration Award), ¶ 3.) Magistrate Judge Parker correctly found that he continued to use Plaintiff's trademarks for 87 days, from December 30, 2017 to March 27, 2018. Accordingly, Patel is responsible for damages in the amount of $21,750 ($250 x 87 days). The arbitration award also states that Patel shall reimburse Plaintiff the sum of $875 for its portion of the American Arbitration Association fees and the compensation of the arbitrator. (*Id.* ¶ 4.)

[3] The procedural and factual background is set forth in greater detail in the Report and is incorporated by reference herein.

3

("AAA"). (Report at 1; Compl. ¶¶ 27–28; Decl. of Lindsey Cooper in Supp. of Mot. for TRO and Prelim. Inj. ("Cooper Decl."), Ex. D (Demand for Arbitration), ECF No. 17-4, at 2–3.)

On December 26, 2017, after reviewing all the evidence presented by Plaintiff,[4] the AAA arbitrator issued the arbitration award against Patel requiring, among other things, that Patel "desist use of all trade names, trademarks, service marks, signs, colors, structures, software, printed goods and forms of advertising indicative of Claimant's sandwich business." (Kaufman Decl., Ex. A (Dec. 26, 2017 Arbitration Award), ECF No. 40-1, at 3.)

On February 11, 2018, Plaintiff discovered that the 765 Eighth Avenue sandwich shop was still using the SUBWAY trademarks and promotional materials. (Report at 2; Compl. ¶¶ 33–35.) As a result, on March 16, 2018, Plaintiff filed the instant action seeking to enforce the arbitration award against Patel, and raising claims of trademark infringement, unfair competition, and dilution under the Lanham Act and New York common law against both Defendants. (Report at 2.)

## II. LEGAL STANDARDS

### A. Report and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v.*

---

[4] Patel neither responded to the Demand nor submitted any documents to the Arbitrator. (Compl. ¶¶ 30–31.)

4

*Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted); *see also United States v. Sampson*, 898 F.3d 287, 312 (2d Cir. 2018).

Where there are objections, however, the court must make a *de novo* determination as to those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

A court "may [also] consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). Because the motions rely heavily upon the franchise agreement, the Demand, and the arbitration award, this Court may consider these documents on these motions for default judgment and confirmation of the arbitration award even though they are not attached to the complaint. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991)).[5]

---

[5] Under Federal Rule of Evidence 201(b), "a court may . . . take judicial notice of a fact outside of the pleadings provided that the fact 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Cox v. Perfect Bldg. Maint. Corp.*, 16 Civ. 7474 (VEC), 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017) (quoting Fed. R. Evid. 201 (b)). Accordingly, "courts have regularly taken judicial notice of arbitration awards . . . in considering a motion to dismiss or to compel

### B. *Pro Se* Defendants.

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). In general, *pro se* litigants deserve "more lenient treatment than those represented by counsel" but still "have an obligation to comply with court orders." *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (citing *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)). Further, "as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

### III. THE ARBITRATION AWARD AGAINST PATEL IS CONFIRMED

In general, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 96, 110 (2d Cir. 2006) (citations and internal quotation marks omitted). "It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Further, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).

Here, Patel did not defend the arbitration and has not disputed the arbitration award. There is no reason not to grant the arbitration award as written. (Report at 3.) As such, given the highly deferential review afforded arbitration awards in this Circuit, Magistrate Judge Parker appropriately recommends that this Court confirm the arbitration award against Patel. (*Id.* at 4.)

---

arbitration." *Id.*; *see also Caldarera v. Int'l Longshoremen's Ass'n, Local 1*, 765 F. App'x 483, 485 n.2 (2d Cir. 2019) (finding no error in the district court taking judicial notice of an arbitration award).

Moreover, this Court need not enter default judgment against Patel. Plaintiff's trademark infringement, unfair competition, and dilution claims against Patel are exclusively subject to the arbitration clause in the franchise agreement, which unequivocally states that "[a]ny dispute, controversy or claim arising out of or relating to this Agreement or the breach thereof will be settled by arbitration." (Cooper Decl., Ex. B (Franchise Agreement), ECF No. 17-2, ¶ 10(a).) Plaintiff already obtained an arbitration award against Patel which provides for the exact same relief it seeks in this action. This Court is hereby confirming that arbitration award. Accordingly, a default judgment against Patel is unnecessary and duplicative.

## IV. DEFAULT JUDGMENT AGAINST METRO IS GRANTED

Metro never appeared in this action. (*Id.* at 5.) It also failed to respond to Plaintiff's complaint or Plaintiff's motion for a default judgment or to ask this Court for an extension of time to submit any responses. (*Id.*) Accordingly, this Court finds that an entry of default judgment against Metro is appropriate in this action.

The Report properly identifies three factors when evaluating a motion for default judgment: (1) "whether the defendant's default was willful"; (2) "whether setting aside the default would prejudice the adversary"; and (3) "whether a meritorious defense is presented." *McLean v. Wayside Outreach Dev.*, 624 F. App'x 44, 45 (2d Cir. 2015) (quoting *Diakuhara*, 10 F.3d at 96).

Magistrate Judge Parker properly weighed the aforementioned factors and correctly concluded that default judgment should be granted as to Metro because the conduct was willful and, should default judgement be denied, Plaintiff would be left with "no alternative legal redress against the corporate entity for the infringement of its trademark and other violations." (Report at 6); *see also Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTW), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding that non-appearance and failure to respond

7

to a complaint or motion for default judgment indicated willful conduct); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (finding that disregarding a court order to appear through counsel was justification for imposing default).

Magistrate Judge Parker also confirmed that Plaintiff's uncontroverted allegations established Metro's liability on each asserted cause of action. (Report at 7–11.) *See also Elsevier, Inc. v. Grossman*, No. 12 Civ. 5121 (KPF), 2013 WL 6331839, at *3–4 (S.D.N.Y. Dec. 5, 2013) (a default establishes a defendant's liability only if plaintiff's well-pleaded factual allegations "are sufficient to state a cause of action against the defendant." (citations omitted)).

Accordingly, this Court enters default judgment against Metro.

## V. DAMAGES ARE TO BE AWARDED AGAINST PATEL AND METRO

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Sette-Huges v. Sprauve*, 663 F. App'x 10, 11 (2d Cir. 2016) (quoting *Bricklayers and Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015)). "To determine damages in the default judgment context, a district court may conduct a hearing or rely on evidence provided by the plaintiff." *Id.*

For claims involving federal trademark infringement, a plaintiff is entitled to "recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. . . . In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117(a). Here, Plaintiff states in its motion for default judgment that it is willing to accept the damages laid out in the arbitration award. (Kaufman Decl. ¶¶ 15–16.) Accordingly, Magistrate Judge Parker properly calculated damages in the amount of $21,750 against Patel and

## VI. CONCLUSION

Plaintiff's motion for confirmation of the arbitration award against Defendant Patel, ECF No. 1, is GRANTED. Plaintiff's motion for default judgment, ECF No. 40, is GRANTED as to Defendant Metro. Defendants Metro and Patel are jointly and severally liable for $21,750 in damages, plus attorney's fees upon Plaintiff's submission of evidence of its attorneys' fees and costs to Magistrate Judge Parker. Magistrate Judge Parker's Report is ADOPTED in full.

The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
July 18, 2019

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge